## HUGHES' ESTATE v. BURNET, Commissioner of Internal Revenue.
### No. 5758.

Court of Appeals of the District of Columbia.
Submitted April 7, 1933.
Decided May 8, 1933.

B. H. Warner, Jr., of Washington, D. C., for appellant.

G. A. Youngquist, Sewall Key, S. Dee Hanson, C. M. Charest, and T. M. Mather, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

### PER CURIAM.

The question involved on this appeal is whether appellant is entitled to a deduction from income for the taxable year 1923 on account of losses sustained in 1923 on stocks and bonds of the Soconusco Estates Company. The Board sustained the Commissioner in holding the deduction not allowable on the ground that the "record does not show the fair market value of decedent's stock and bonds of the Soconusco Estates Company on March 1, 1913."

We have examined the record carefully and have reached the same conclusion reached by the Board. The only witness who testified was the taxpayer's bookkeeper who had been employed since 1914. He had never been to Mexico, had never seen the Estates Company's property, and had no personal knowledge of its value, and the only knowledge he had of the price paid for it was what he had been told to put upon the books, but even he does not pretend to be able to place any valuation on the property as of the precise period but on the contrary stated in his testimony: "There is no way of fixing the value of the holdings there as of March 1, 1913. It would just be a guess."

In Burnet v. Houston, 283 U. S. 223, 51 S. Ct. 413, 75 L. Ed. 991, the Supreme Court under somewhat similar circumstances declined to allow a deduction, saying that it was as necessary under the statute to prove value as of March 1, 1913, as it was to prove cost and the amount finally received.

The Board was therefore right and the decision should be and is affirmed.

Affirmed.